

Apr-15-2001  10:21am   From-McTICHE WEISS O'ROURKE           +8102079108        T-138  P.023  F-038

THE
**M** c**ALEER**
**LAW FIRM P.C.**

121 CHURCH STREET, DECATUR, GEORGIA 30030  404-816-7374 PHONE 404-816-7373 FACSIMILE

CHARLES MCALEER
DUC T. TRAN

April 10, 2007

WRITER'S DIRECT ACCESS
(404) 816-7374
cmcaleer@mcaleerlaw.com

CERTIFIED MAIL RETURN RECEIPT NUMBER
7004 1350 0003 0293 7176

Penncro Associates, Inc.
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

     RE:   Monika Grantz v. Penncro Associates, Inc., et al.
          State Court of Clayton County
          CAFN: 2007CV02872E

Dear Sir or Madam:

    Enclosed herewith please find documentation concerning Notice of Lawsuit and Request for Waiver of Service of Summons in regards to the above-referenced case.

    Please do not hesitate to contact me should you have any questions or need additional information.

                Very truly yours,

                The McAleer Law Firm, P.C.

                Charles McAleer

CM/atm
Enclosures

P. 7.                    SE2834P8898                    SANEFFAHNICIOHAIS        HAAI #7  2007 61  AqA

Apr-15-2007 10:12pm From-ACTIVE WEISS O'ROURKE +6762781094

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMMONS

To: Pennero Associates, Inc.
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

A lawsuit has been commenced against you. A copy of the complaint and discovery is attached to this notice. The complaint has been filed in the State Court for the State of Georgia in and for the County of Clayton and has been assigned Case Number 2007CV02782E.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if located outside any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this 10th day of April, 2007.

C.M·N·Qu

Charles McAleer
Attorney for Plaintiff

04/17/07  10:35 FAX                                                                                    ☒006

Apr-16-2007 10:21pm   From-McTIGHE WEISS O'ROURKE          +8102773183          T-031  P.005   F-035

## WAIVER OF SERVICE OF SUMMONS

To:   Charles McAleer, Esq.
      The McAleer Law Firm, P.C.
      121 Church Street
      Decatur, GA 30030

        I acknowledge receipt of your request that I waive service of a summons in the action of
Orantz v. Penncro Associates, Inc., et al, which is has been assigned Case Number
2007CV02782E in the State Court of the State of Georgia in and for the County of Clayton. I
have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me. I understand that I am
entitled to consult with my own attorney regarding the consequences of my signing this waiver.

        I agree to save the cost of service of a summons and an additional copy of the complaint
in this lawsuit by not requiring that I be served with judicial process in the manner provided by
the Georgia Rules of Civil Procedure.

        I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the
court except for objections based on a defect in the summons or in the service of the summons.

        I understand that a judgment may be entered against me (or the entity on whose behalf I
am acting) if an answer is not served upon you within 60 days after the date of the waiver was
sent, or within 90 days after that date if the request for the waiver was sent outside the United
States.

        This ___24th___ day of ___April___, 2007.

        Answer deadline 6/9/07

                                                    _____
                                                    Penncro Associates, Inc.
                                                    Atty for Penncro Assocs, Inc.
                                                    GA Bar 067473

p. 6                    2623345638                    STPAULTRAVELERS      MAR12:7 2007 13 1PM

## WAIVER OF SERVICE OF SUMMONS

To:    Charles McAleer, Esq.
       The McAleer Law Firm, P.C.
       121 Church Street
       Decatur, GA 30030

I acknowledge receipt of your request that I waive service of a summons in the action of Grantz v. Pennero Associates, Inc., et al, which is has been assigned Case Number 2007CV02782E in the State Court of the State of Georgia in and for the County of Clayton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date of the waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This _____ day of _____, 2007.


                                    _____
                                    Pennero Associates, Inc.

## --NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS--

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Case 1:07-cv-00933-TCB   Document 1-1   Filed 04/25/07   Page 7 of 27

COP

## IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

RECEIVED & FILED

APR 0 3 2007

CLERC STATE COURT
CLAYTON COUNTY

MONIKA GRANTZ,

    Plaintiff,

v.

PENNCRO ASSOCIATES, INC., and
Fictitious Defendants A, B, and C, , all of
whose true and correct names are not further
known to Plaintiff at this time, but when
ascertained, will be added by way of
amendment.

    Defendants.

CIVIL ACTION
FILE NO. 2007CV02782 E

JURY TRIAL DEMANDED

## COMPLAINT

### I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter

"FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices and for Defendants' violations of Georgia laws arising out of its debt collection

practices.

### II. PARTIES

2.    Plaintiff repeats and re-alleges and incorporates by reference paragraph 1.

3.    Plaintiff, Monika Grantz, is a natural person residing in Clayton County, Georgia.

4.    Defendant, PENNCRO ASSOCIATES, INC. ("PENNCRO") is a corporation

incorporated under the laws of the State of Pennsylvania and is engaged in the business of

collecting debts in the state of Georgia with its principal place of business located at 95 James

Way, Ste 113, Southampton PA 18966. The principal purpose of PENNCRO's business is the

1

collection of debts using the mails and telephone, and PENNCRO regularly attempts to collect
dobts alleged to be due another.

5.     Fictitious Defendants A, B, and C are natural persons employed by PENNCRO as
collectors at all times relevant to this complaint.

6.     Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a
(6).

## III. JURISDICTION AND VENUE

7.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1
through 6 above.

8.     Jurisdiction of this Court over all Defendants arises under O.C.G.A. § 9-10-91
(1), (2) and (3). Venue in this Court is proper in that the conduct and injury complained of
occurred in Clayton County.

## IV. FACTUAL ALLEGATIONS

9.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1
through 8 above.

10.    At all times relevant to this lawsuit, Plaintiff's adult son, Michael A. Grantz, did
not reside with Plaintiff or on occasion live at Plaintiff's home.

11.    On or about January 8, 2007, PENNCRO, and other individual defendants
employed as a collectors by PENNCRO, contacted Plaintiff and requested information about
Michael A. Grantz regarding, among other things, a business matter. Plaintiff communicated to
Defendants that Michael A. Grantz did not reside with her and informed Defendants not to
contact her again. Despite this request, the Defendants continued to contact the Plaintiff on

2

multiple future occasions including January 11, January 15, January 22, January 23, January 26, January 29, February 5, February 9, February 12, February 13 and February 15, 2007.

    12.    On many of these phone calls by Defendants, Plaintiff again communicated that Michael A. Grantz did not reside with her, and informed Defendants to cease making harassing phone calls and invading her privacy.

    13.    Since the time of these calls, Plaintiff has suffered emotional pain and injury, trembling, fear, embarrassment and humiliation.

### V. COUNT ONE: VIOLATIONS OF THE FDCPA

    14.    Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 13 above.

    15.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a)    The Defendants violated 15 U.S.C. § 1692c by contacting the Plaintiff after its initial phone call to Plaintiff made under the ostensible right to call Plaintiff one time under 15 U.S.C. § 1692b.

    (c)    The Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff. The Defendants further violated §1692d(5) by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to collect payment on a consumer debt.

    The Defendants violated 15 U.S.C. § 1692e (2-5), (7), (10), (11) and (14) by making false and misleading representations to the Plaintiffs regarding the nature of its calls stating that they were contacting Plaintiff regarding a "business matter" relating to Michael Grantz. At the time the Defendants made these representations to the Plaintiff, the Defendants knew, or should have

3

known, that said representations were false. Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

(e)   By engaging in the above outlined conduct, the Defendants violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

(f)   Upon information and belief, Defendant's collection efforts have resulted in additional violations of the FDCPA.

16.   As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for its violations of the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

VI.   COUNT TWO: INVASION OF THE RIGHT OF PRIVACY

17.   Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 16 above.

18.   The Defendants undertook a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Georgia. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy and seclusion and made after repeated requests that the Defendants no longer contact her. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into contacting a debtor.

19.   Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Georgia and violated the Plaintiff's privacy.

20.   The Plaintiffs aver that the communications were made unidentified individual defendants who were employees of and acting on behalf of PENNCRO.

4

21.  Plaintiff was harassed and hounded. Plaintiff repeatedly and continuously begged and pleaded with Defendants to stop calling and told the Defendants repeatedly that that the calls were harassing. Defendants refused to cease and desist the calling, hounding and harassment. Defendants have continuously and repeatedly called Plaintiff at home after being told not to call and that the calls were harassing.

22.  The Defendants, named and fictitious, are all corporations and/or individuals, and have committed the acts set out in the above paragraph by directing communications to the Plaintiff in the State of Georgia.

23.  As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiff has suffered emotional pain and injury, trembling, fear, embarrassment and humiliation.

VII.  COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.  Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 23 above.

25.  The Defendants' continual refusal to cease communicating with the Plaintiff was an intentional infliction of emotional distress, willfully and intentionally undertaken, knowing that the same was designed to abuse and coerce, confuse and create great mental and physical pain and damage, so that the Plaintiff would assist PENNCRO in collecting a debt. As a proximate cause thereof, the Plaintiff has suffered emotional pain and injury, trembling, fear, embarrassment and humiliation.

26.  The Defendants, named and fictitious, are all corporations and/or individuals, and have committed the acts set out in the above paragraph by directing communications to the Plaintiff in the State of Georgia.

5

27.    As a proximate consequence of said intentional infliction of emotional distress, the Defendants have caused the Plaintiff emotional pain and injury, trembling, fear, embarrassment and humiliation.

VIII.    COUNT FOUR:  NEGLIGENT TRAINING AND SUPERVISION

28.    Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 27 above.

29.    Defendant PENNCRO knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30.    Defendant PENNCRO knew or should have known that said conduct was improper.

31.    Defendant PENNCRO negligently and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

32.    As a result of Defendant PENNCRO's negligence and wantonness, the Plaintiff has suffered emotional pain and injury, trembling, fear, embarrassment and humiliation.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, jointly and severally, for the following:

(a)    That judgment be entered in her favor against Defendants on her Complaint;

(b)    That Plaintiff have and recover from Defendants an amount for her special, actual and punitive damages in an amount which will be determined at trial;

(c)    Statutory damages pursuant to 15 U.S.C. § 1692k;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(e)    That Plaintiff have a trial by jury on all issues so triable;

(f)    That this Court award such other and further relief as it deems just and proper.

This 19th day of March, 2007.

The McAleer Law Firm, P.C.

121 Church Street
Decatur, Georgia 30030
(404) 816-7374 Phone

Charles McAleer
Georgia Bar # 480098
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Charles McAleer
Georgia Bar # 480098
Attorney for Plaintiff

7

COPY

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RECEIVED & FILED**

MONIKA GRANTZ,

APR 0 2 2007

Plaintiff,

CLERK, STATE COU..
CLAYTON COUNTY

v.

CIVIL ACTION
FILE NO. 2007CV0 2782E

PENNCRO ASSOCIATES, INC., and
Flotitious Defendants A, B, and C., all of
whose true and correct names are not further
known to Plaintiff at this time, but when
ascertained, will be added by way of
amendment.

**JURY TRIAL DEMANDED**

Defendants.

COMES NOW the Plaintiff and requests the Defendants to answer the following
interrogatories. The Plaintiff requests that the Defendants' responses be in the form required by
the Georgia Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A. Answers to the Interrogatories must be furnished within forty-five (45) days of the
service of the Summons and Complaint or within thirty (30) days of the service of these
Interrogatories, whichever is later.

B. Each Interrogatory should be answered upon your entire knowledge from all sources
and all information in your possession or otherwise available to you, including information from
your officers, employees, agents, representatives or consultants and information which is known
by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the
reasons for it. If an Interrogatory cannot be answered in full, state the part which can be
answered and answer the same in full to the extent possible; state further and specifically the
reason(s) why the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information and
documents requested for the period of one year prior to the date of filing the complaint to the
present. Each Interrogatory is considered continuing, and if Defendant obtains information
which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to
serve amended answers on the undersigned.

1

E. The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

F. A request to identify a document is a request to state as applicable:

1. The date of the document;

2. The type of document;

3. The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

4. The name of the employer or principal whom the signers, addressers and preparers were representing;

5. The present location of the document;

6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7. A summary of the contents of the document; and

8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

SPECIAL INSTRUCTION: For purposes of identifying responsive documents, things, and other information related to these requests, the Plaintiff, Monika Grantz, had at all times relevant to this lawsuit the following phone number, 770-968-1363. Further, reference may be made to Monika Grantz's adult son, who is the actual debtor, and his name is Michael A. Grantz and the last four digits in his FIN/SSN is 0432.

1. Provide the job title and last known address of the person(s) most knowledgeable regarding the following:

    (a)    collection activities of the Defendant PENNCRO;

    (b)    collectors of the Defendant PENNCRO who had any contact with or made any communications to the Plaintiff in order to collect a debt allegedly owed by Michael A. Grantz;

    (c)    collectors of the Defendant and supervisors of collectors who dealt with, reviewed or made decisions concerning the account of Michael A. Grantz, or who had any contact with or made any communications to the Plaintiff.

2. Provide the name, the address, job title and last known address of the head of each of the following departments: collections, customer service, accounts managers, fraud, debt management service, customer communications, customer service representative training and collections training.

3. Identify the name of each and every person who spoke with, called or contacted the Plaintiff, including their names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called and the dates said communications were made.

4. State all of the details you know of concerning the contents and substance of the communications referred to in your response to interrogatory number 3 above.

5. List each and every communication between you or any other agent, officer, or employee of PENNCRO and the Plaintiff, state the date of the communication, the author of the communication, the contents of the communication, and whether the communication was oral or written.

6. State in detail everything you know of the contents of the contact and state the date of each oral or written communication to the Plaintiff made by any officer, agent or employee of the Defendant PENNCRO.

7. State whether calls by collectors of PENNCRO were made to Plaintiff after Plaintiff requested you to stop the calls and if so, when were these calls made.

8. List and describe the identity and location of all the policies, procedures and guidelines, or any other written or electronic documents, however named, that support your reasons for making calls after you were told to stop by Plaintiff.

9. List and describe the identity of all laws or government regulations which support your reasons set out in response to interrogatory number 8.

10. State the name, address and qualifications of any and all experts you have retained, hired or consulted in the preparation of the above-styled cause.

3

Apr-16-2007 10:24pm   From-McTIGHE WEISS O'ROURKE           +6182776108        T-037  P.018/028  F-039

(a) State the subject matter on which any and all such expert witnesses are expected to testify.

(b) Summarize the substance of the facts and opinions to which any such expert witness is expected to testify, including in that summary the grounds for each opinion.

(c) List all texts, articles, manuals, or any other materials used by the expert in preparation of this matter.

11. State the name and address of any and all witnesses that the Defendants have contacted in connection with this case including, but not limited to, those that are expected to testify at the trial of this case.

12. State the names, addresses, telephone numbers and places of employment of all persons who to your knowledge have factual knowledge regarding the facts and circumstances involving this lawsuit.

13. State the names, addresses and job titles of all persons who performed the review, participated in the review, or supplied any information to the review of the account or accounts of Michael A. Grantz and its contents.

14. State the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of your collection efforts of Michael A. Grantz's account.

15. State and attach copies of results and/or outcome of each and every review of claims as inquired about in question number 13, and question number 14.

16. State the precise information supplied by each and every person set out in numbers 13, 14, and 15.

17. Please provide a list of each and every person who spoke with, called or contacted the Plaintiff, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to Plaintiff. State the entire, full, total conversation.

18. State whether or not you or any agent, servant, or employee of yours has telephoned Plaintiff at any time.

    (a)    state the date and time of each call and the nature of the call or calls;

    (b)    state what was said, in detail, by and between your agent, servant or employee and the Plaintiff;

    (c)    state the name, and any assumed names, and employment of each person making such call or calls, and the purpose of said call.

4

This 15th day of March, 2007.

C. M-Ale

The McAleer Law Firm, P.C.

121 Church Street
Decatur, Georgia 30030
(404) 816-7374 Phone

Charles McAleer
Georgia Bar # 480098
Attorney for Plaintiff

PLEASE SERVE SIMULTANEOUSLY WITH THE COMPLAINT IN THIS CAUSE

5

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RECEIVED & FILED

APR – 2 2007

CLERK, STATE COURT
CLAYTON COUNTY

MONIKA GRANTZ,

    Plaintiff,

v.

PENNCRO ASSOCIATES, INC., and
Fictitious Defendants A, B, and C, , all of
whose true and correct names are not further
known to Plaintiff at this time, but when
ascertained, will be added by way of
amendment.

    Defendants.

CIVIL ACTION
FILE NO.  2007 CV0 2782 E

JURY TRIAL DEMANDED

PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

SPECIAL INSTRUCTION: For purposes of identifying responsive documents, things, and other
information related to these requests, the Plaintiff, Monika Grantz, had at all times relevant to
this lawsuit the following phone number, 770-968-1363. Further, reference may be made to
Monika Grantz's adult son, who is the actual debtor, and his name is Michael A. Grantz and the
last four digits in his FIN/SSN is 0432.

    Come now Plaintiffs and request the defendants, each separately and severally, to admit
to the truth of the following within the time required by law and the Georgia Rules of Civil
Procedure:

    1.    Plaintiff is a "consumer" as defined at 15 U.S.C. § 1692a(3).

    2.    The obligation allegedly due from Michael A. Grantz and collected by
PENNCRO is a "debt" as defined at 15 U.S.C. § 1692a(5).

    3.    Defendant PENNCRO is engaged in the business of collecting consumer debts
and regularly attempts and collects consumer debts allegedly owed to another and is a "debt
collector" as defined at 15 U.S.C. § 1692a(6).

    4.    Defendant PENNCRO regularly permits employees to violate state and federal
consumer protection statutes.

    5.    On or around and January 26, 2006 Defendant PENNCRO through its agents
called Plaintiff several times about a debt allegedly owed by Michael A. Grantz.

6

Apr-19-2007  10:25pm   From-McTIGHE WEISS O'ROURKE            +61027761C8        T-039  P.021/029  F-038

6.     In the January 26, 2006, calls referenced above, PENNCRO failed to identify the communication was from a collection agency or intentionally mislead the Plaintiff to believe that the call was not from a debt collector.

7.     In the January 26, 2006, phone call to Plaintiff, PENNCRO used a name other than the true legal name of its business, company or organization.

8.     That Defendants communicated with Plaintiff.

9.     That Defendants telephoned the Plaintiff's residence.

10.    That Defendants telephoned the Plaintiff in the State of Georgia.

11.    That Defendants undertook an effort to collect an indebtedness by contacting Plaintiff in the State of Georgia.

12.    That the Defendants who communicated with Plaintiffs were not licensed attorneys.

13.    That all persons telephoning the Plaintiffs' residence concerning an alleged indebtedness were not licensed attorneys.

14.    That the Defendants were told by the Plaintiff to stop calling her at home.

15.    That Defendants were notified to stop calling the Plaintiff.

16.    That after Plaintiff communicated to Defendants to stop calling her, Defendants continued to call her at her home.

17.    That at all times Defendants called or contacted Plaintiff, Michael A. Grantz was over the age of 21.

18.    Defendants in all telephone conversations with the Plaintiff failed to provide the debt collection warning required by 15 U.S.C. § 1692e(11).

7

This 19th day of March, 2007.

The McAleer Law Firm, P.C.
121 Church Street
Decatur, Georgia 30030
(404) 816-7374 Phone

Charles McAleer
Georgia Bar # 480098
Attorney for Plaintiff

8

## IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

RECEIVED & FILED

APR — 2 2007

CLERK, STATE COURT
CLAYTON COUNTY

MONIKA GRANTZ,

  Plaintiff,

v.

PENNCRO ASSOCIATES, INC., and
Fictitious Defendants A, B, and C, , all of
whose true and correct names are not further
known to Plaintiff at this time, but when
ascertained, will be added by way of
amendment.

  Defendants.

CIVIL ACTION
FILE NO.

JURY TRIAL DEMANDED

2007CV0 2782 E

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO DEFENDANTS

COMES NOW the Plaintiff in the above-styled matter and requests that the Defendants, pursuant to the Georgia Rules of Civil Procedure, produce the documents outlined below within forty-five (45) days after service of same upon you. Plaintiff requests that the Defendants' responses be in the form required by the Georgia Rules of Civil Procedure.

This request is intended to cover all documents in possession of the Defendants, or subject to their custody and control, regardless of location.

As used in this request, the term "document" means every writing, tape recording, electronic tape recording, or record of every type and description that is in the possession, control or custody of Defendants, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

SPECIAL INSTRUCTION: For purposes of identifying responsive documents, things, and other information related to these requests, the Plaintiff, Monika Grantz, had at all times relevant to this lawsuit the following phone number, 770-968-1363. Further, reference may be made to

9

Apr-19-2007 10:26am    From-McTIGHE WEISS O'ROURKE    4810277810b    T-030 P.024/028 F-030

Monika Grantz's adult son, who is the actual debtor, and his name is Michael A. Grantz and the last four digits in his FIN/SSN is 0432.

1.    The original file, and any and all documents, including, but not limited to, the original file, original file folder, all computer records, computer printouts, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls, ledger cards, account cards, or other written memoranda, all communications, tape recordings, electronic recordings, transcripts of all tape recordings, in Defendant's file relating to an alleged account of Michael A. Grantz.

2.    The original file, and any and all documents, including, but not limited to, the original file, original file folder, all computer records, computer printouts, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls, ledger cards, account cards, or other written memoranda, all communications, tape recordings, electronic recordings, transcripts of all tape recordings, in Defendant's file relating its communications directed to Plaintiff.

3.    Any and all collection manuals, all written procedural instructions and regulations regarding collection activities, all documents, records, books and manuals pertaining to collection procedures and practices utilized by the Defendants.

4.    Please provide a list of each and every person who spoke with, called or contacted Plaintiff, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to Plaintiff. State the entire, full, total conversation.

5.    All documents, records, and memoranda evidencing or relating to any and all training materials for collectors, including pamphlets, brochures, texts, manuals, and any other document, item or thing used in the training, monitoring and supervision of telephone collection personnel.

6.    Copies of any and all policies, handbooks or manuals used to train employees in the following departments: Fraud, Customer Service, Phone (however designated), Collections, Debt Management and Account Manager.

7.    Copies of any and all documentation regarding Michael A. Grantz's account indebtedness and any responsibility the Plaintiff may have on the account.

8.    Copies of any and all manuals dealing with calling a person in reference to a collection account, including all manuals that deal with the computer program for assuring or accomplishing that calls are not made if a person so contacted requests that there be no further calls. Include the name of the person most knowledgeable in that department concerning the procedures and programming of the computer to prevent that calls are made repeatedly to persons who have requested no further calls.

10

9.      Copies of any and all computer notes, every computer screen, every computer entry, every manual that details the computer program and procedures for entering data, and every instruction material for the computer operators regarding when to and where to enter information concerning calling parties who may be able to provide information to Defendant on a debtors account.

10.      Copies of the entire and complete investigation as to Michael A. Grantz's alleged account indebtedness and any responsibility the Plaintiff may have on the account.

11.      Copies of and originals of all charges, credit applications, credit authorizations, charge slips, purchase authorizations or any of the documents by which Defendants assert that the Plaintiff is in any way responsible for the indebtedness for which they contacted Plaintiff about.

12.      Copies of any and all computer notes, every computer screen, every computer entry, and the manuals that pertains or relates on how to, when to, and where to enter information concerning the Plaintiff on the account of Michael A. Grantz.

13.      Copies of each and every note, be it computer-generated, handwritten, orally recorded or part of a computer screen, noting each and every communication which in anyway references notes or documents regarding the Plaintiff or the account of Michael A. Grantz.

14.      Copies of any and all manuals and/or instructional materials that relate to the policies, procedures and guidelines for entering data into the above-described computer entry.

15.      Copies of all records and documents to include, without limitation, the following:

A. All manuals, including procedure manuals used in training collectors, supervisors, assistant and shift managers and collection managers.

B. Training classes or courses manuals, books, pamphlets and handouts. Guidelines used in training collectors, managers and supervisors.

C. All collection manuals used in collection procedures, including collection techniques and collection tactics.

D. Copy of scripts used by collectors, managers and supervisors, including:

     1.      Talk-offs
     2.      Responses and rebuttals used by collectors
     3.      Commission schedules
     4.      Trace-skipping techniques
     5.      Settlement tactics

E. Common abbreviations and codes and alias names (real name and file of collector) used by collectors.

19.      Produce your insurance policy along with the policy limits declarations page which provides coverage to you concerning the events and objects of this lawsuit.

11

20. All manuals and guidelines governing the payment of salary, commission, and bonuses for employees, collecting money in your collection operations, including collectors, supervisors, directors, attorneys, and persons in control, which were in effect at any time during the two (2) years prior to the filing of this lawsuit.

21. Copies of any litigation filed against the Defendants within the last three (3) years alleging invasion of privacy or Fair Debt Collection Practices Act violations with respect to collection efforts made by Defendants.

These Requests shall be deemed continuing so as to require further and supplemental production if Defendants obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

This 19th day of March, 2007.

C. M$\cancel{\mathcal{H}}$

The McAleer Law Firm, P.C.

Charles McAleer
Georgia Bar # 480098
Attorney for Plaintiff

121 Church Street
Decatur, Georgia 30030
(404) 816-7374 Phone

12

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

MONIKA GRANTZ,

    Plaintiff,

v.

PENNCRO ASSOCIATES, INC., and
Fictitious Defendants A, B, and C, , all of
whose true and correct names are not further
known to Plaintiff at this time, but when
ascertained, will be added by way of
amendment.

    Defendants.

**RECEIVED & FILED**

APR – 2 2007

Brenda W Smith
CLERK, STATE COURT
CLAYTON COUNTY

CIVIL ACTION
FILE NO.

**JURY TRIAL DEMANDED**

2007CV0 2782E

NOTICE OF TAKING DEPOSITION

To:    Penncro Associates, Inc.
        95 James Way, Ste 113
        Southampton PA 18966

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(5) and (6) of the Georgia Rules of Civil
Procedure, the Plaintiff herein will take the deposition of the employee(s) of the Defendant,
PENNCRO, or the correct designation thereof, who are most knowledgeable concerning:

    1. Any and all contact with the Plaintiffs, whether by phone, letter, or any other means;
    2. The policies and procedures of handling collection of past due accounts;
    3. The policies and procedures of monitoring collectors in their collection activities;
    4. All collection efforts by the Defendant to collect the debt allegedly owed by Michael
A. Grantz.

DATE:    to be scheduled

TIME:    to be scheduled

PLACE:    The McAleer Law Firm
            121 Church Street
            Decatur, Georgia 30030

    The Plaintiffs request that the above named-deponent(s) produce the following
documents at the time of the taking of his/her deposition. For purposes of this request:

13

"document" means any written, recorded or graphic matter however produced or reproduced and includes but is not limited to memoranda, notes, internal communications, letters, lists, computer generated papers, reports or any other writings (either hand or typewritten) by whatever name called.

This request is intended to cover all documents in your possession or subject to your custody and control, whether they are located at your principal place of business, another office, the office of your counsel or at your home or otherwise subject to your access or control.

1. Any and all records in the possession and control or custody of the Defendants, including internal reports, instructions, and manuals regarding its collection activities, efforts, notices, and operations manuals utilized by the Defendants, and all exhibits in the Defendants' possession to introduce at trial.

2. All documents relating to the alleged debts of Michael A. Grantz and the collection thereof.

3. All material, including video and audio tapes, pertaining to training by or for the Defendants and their employees regarding collection efforts.

4. All internal reports and memoranda of the Defendants regarding the use of its collection notices and collection efforts.

5. All operation manuals utilized by the Defendants.

6. All documents relating to the maintenance of procedures by the Defendants adapted to avoid any violation of a person's right to privacy.

7. All exhibits which Defendants propose to introduce at trial.

8. The original file and file folder regarding Michael A. Grantz.

9. Produce and attach a true and correct copy of each collector's personnel file that has ever spoken with or communicated with the Plaintiff.

10. Produce and attach the compensation scale, including salaries, incentives, and bonuses for every collector of Defendants that have ever spoken with or communicated with the Plaintiff.

11. The organizational structure of the corporate defendant, PENNCRO.

Said depositions shall continue from day to day until completed.

This 19th day of March, 2007.

The McAleer Law Firm, P.C.

121 Church Street
Decatur, Georgia 30030
(404) 816-7374 Phone

Charles McAleer

Georgia Bar # 480098

Attorney for Plaintiff

14